IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| RODNEY VOGELE, | ) | Civil No.: 2:12-cv-01672-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Rory Joseph Linerud
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308-1105

    Attorney for Plaintiff


S. Amanda Marshall, U.S. Attorney
Adrian L. Brown, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

FINDINGS AND RECOMMENDATION - 1

Benjamin J. Groebner
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104

   Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Rodney Vogele brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Social Security Act (the Act). Plaintiff seeks a judgment remanding the action to the Social Security Administration (the Agency) for an award of benefits.

For the reasons set out below, the Commissioner's decision should be affirmed.

## Procedural Background

Plaintiff filed applications for DIB and SSI on May 20, 2008, alleging that he had been disabled since February 1, 1997, because of a back injury, herniated discs, memory loss, and hepatitis C.

After his applications were denied initially and upon reconsideration, Plaintiff timely requested an administrative hearing.

On September 28, 2010, a hearing was held before Administrative Law Judge (ALJ) John Madden, Jr. Plaintiff; Stacy Vogele, Plaintiff's wife; and Francine Geers, a Vocational Expert (VE) testified at the hearing.

In a decision filed on October 15, 2010, ALJ Madden, Jr. found that Plaintiff was not disabled within the meaning of the Act. That decision became the final decision of the

FINDINGS AND RECOMMENDATION - 2

Commissioner on July 11, 2012, when the Appeals Council denied Plaintiff's request for review. In the present action, Plaintiff challenges that decision.

## Background

Plaintiff was born on October 14, 1955. He was 41 years old at the time of his alleged onset of disability and was 55 years old at the time of the ALJ's decision. Plaintiff attended school through the 8th grade and did not obtain a GED. He has past relevant work as an Automotive Counter Clerk, Grader, and Operator Assembler. Plaintiff has not worked since early 1997.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the

presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

<u>Step Four</u>. The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(e).

<u>Step Five</u>. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(f)(1).

At Steps One through Four, the burden of proof is on the claimant. <u>Tackett</u>, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. <u>Id.</u>

**Medical Record**

Plaintiff has been diagnosed with the following conditions and impairments: chronic back pain; hypertension; hepatitis C; possible seizures; compression fractures of T5-T11; narrowing of the posterior aspect of the L5-S1 interspace; hiatal hernia; disk protrusions at L4-L5 and L5-S1; numbness/tingling in left upper extremity; insomnia with possible restless leg syndrome; possible myofascial pain or fibromyalgia; bilateral leg pain; mood disorder; obesity; and chronic pain syndrome.

**Testimony**

**Plaintiff**

Plaintiff testified as follows at the hearing before the ALJ.

Plaintiff was 5'11" tall and weighed approximately 261 pounds at the time of the hearing. He experienced swelling in his feet and ankles, which worsened when he stood or walked. Plaintiff could not walk or stand for more than 30 minutes at a time and needed to elevate his feet for approximately 15 minutes 10 to 15 times a day to relieve swelling. Sitting caused pain in his hips.

A herniated disk and compression fractures in Plaintiff's lower back caused pain and limited Plaintiff's ability to lift more than 5 to 10 pounds. Plaintiff experienced numbness and tingling in his entire left upper extremity, which made it difficult to grip objects.

Plaintiff had to perform household chores incrementally, and because of the side effects of his medications, carried out these activities more slowly than he had in the past. Side effects of Plaintiff's medications included confusion, memory problems, and diminished concentration. Plaintiff's depression also made it difficult for him to concentrate and maintain focus.

**Lay Witness Testimony**

FINDINGS AND RECOMMENDATION - 5

Stacy Vogele, Plaintiff's wife, testified as follows at the hearing.

Plaintiff could not maintain any activity for more than 20-30 minutes at a time. He had swelling in his lower extremities every day and spent much of his time with his feet elevated. Plaintiff had limited strength in his left upper extremity and frequently dropped objects. Pain made it difficult for Plaintiff to sit for extended periods, and he could not afford treatment for his medical problems..

Plaintiff suffered from depression. He repeated conversations and had decreased memory.

**Vocational Expert (VE) Testimony**

Francine Geers, a VE, testified that the individual with the residual functional capacity described in the ALJ's vocational hypothetical could perform Plaintiff's past relevant work as an Automotive Counter Clerk, could not perform Plaintiff's other past relevant work, and could perform "other" work in the state and national economy, such as wire worker and assembler jobs. She testified that an individual who needed to elevate his feet 10-15 times per day for 15 minutes at a time, could stand/walk only 30 minutes at a time, and could not lift more than 10 pounds could not work.

**ALJ's Decision**

The ALJ found that Plaintiff met the requirements for DIB insured status through December 31, 2002.

At the first step of his disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability in February 1997.

At the second step, the ALJ found that Plaintiff's lumbar spine degenerative disc disease and obesity were severe impairments within the meaning of 20 C.F.R. § 404.1520 (c) and 20 C.F.R. 416.920(c).

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the listings, 20 C.F.R. Part 404, Subpart P., App.1.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). He found that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416 §967(b) subject to the following limitations: He could no more than frequently climb ramps/stairs, balance, and kneel, and could only occasionally climb ladders/ropes/scaffolds, stoop, crouch, and crawl. The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with this RFC assessment. He also found that the testimony and statements of Plaintiff's wife, Stacey Vogele, were not wholly credible.

Based upon the testimony of the VE, at the fourth step, the ALJ found that Plaintiff could perform his past relevant work as an Automotive Counter Clerk as it was generally performed in the national economy.

In the alternative, at the fifth step, the ALJ further found that Plaintiff could perform other jobs that existed in substantial numbers in the national economy. He cited wire worker and assembler positions as examples of such jobs.

Based upon his conclusion that Plaintiff could perform his past relevant work and other work, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

## Standard of Review

FINDINGS AND RECOMMENDATION - 7

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process. Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

## Discussion

Plaintiff contends that the ALJ erred in failing to evaluate the effects of changes in his age classification since the alleged onset of his disability in 1997 and in failing to properly consider the effects of his obesity in combination with his other impairments.

1. **ALJ's Consideration of Plaintiff's Age**

FINDINGS AND RECOMMENDATION - 8

Since the date of his alleged onset of disability, Plaintiff's age category as defined by relevant regulations changed from that of a "younger individual" (age 18-49) to that of an individual closely approaching "advanced age" (age 50-54) to that of an individual of "advanced age" (age 55 and older). The latter of these changes occurred on October 14, 2010 -- the day before the ALJ issued his decision.

In his opening memorandum, Plaintiff cites regulations requiring the Agency to consider the effects of a claimant's age under certain circumstances, and contends that the ALJ erred in failing to do so here.

This argument fails. As the Commissioner correctly notes, a claimant's age must be considered only if a claimant is found to be unable to perform his past relevant work. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3) (claimant's age not considered in evaluating ability to perform past relevant work); 20 C.F.R §§ 404.1520(g)(1), 404.1563 (age considered when claimant cannot perform past relevant work).

Here, age was not a relevant factor in the ALJ's determination that Plaintiff could perform his past relevant work as an Automotive Counter Clerk. Accordingly, if the ALJ did not err in making that determination, any error in failing to consider Plaintiff's age at step five of the disability analysis was harmless.

Plaintiff has not directly challenged the ALJ's conclusion that he could perform his past relevant work as an Automotive Counter Clerk, and in his reply memorandum does not refer to the argument concerning the ALJ's failure to consider age raised in the opening memorandum. For the reasons discussed below, I conclude that the ALJ adequately considered Plaintiff's obesity in evaluating Plaintiff's residual functional capacity. In the absence of any other basis

for concluding that the ALJ erred, Plaintiff cannot establish that he was harmed by the omission of a discussion of the significance of his age at step five of the disability analysis.

2. **ALJ's Consideration of Plaintiff's Obesity**

Plaintiff contends that the ALJ erred because he did not adequately explain the restrictions he attributed to Plaintiff's obesity, and erred in relying on the opinion of an Agency reviewing doctor who did not explicitly discuss his obesity.  In his reply memorandum, Plaintiff argues that the decision finding him not disabled should be reversed because the ALJ failed to consider and evaluate his obesity as required by relevant Agency regulations and made "impermissible assumptions" about the severity or functional effects of his obesity combined with other impairments.

A careful review of the ALJ's decision and record does not support these contentions, but instead confirms that the ALJ fully considered Plaintiff's obesity. As noted above, the ALJ found that Plaintiff's obesity was a "severe" impairment.  He may have in fact considered it more significant than did Plaintiff himself, who neither mentioned obesity as a medical problem in his applications for DIB and SSI nor in his testimony before the ALJ.  Moreover, as the Commissioner correctly notes, though he now cites Agency rules and regulations recognizing that obesity may cause functional limitations affecting an individual's ability to work,  Plaintiff "does not point to any evidence in the record that his obesity actually does cause any functional limitations that the ALJ did not consider."  Commissioner's Response at 5.

The ALJ clearly considered and evaluated the effects of Plaintiff's obesity on his residual functional capacity.  During the hearing, the ALJ questioned Plaintiff about his height and weight, asked about fluctuations in his weight, and asked whether Plaintiff's doctor was urging him to lose weight.  In his decision, the ALJ noted that Plaintiff testified that he was 5'11" tall

and weighed approximately 261 pounds. The ALJ indicated that this corresponded to a body mass index of 36.4, which was considered "Level II obesity under medical criteria established by the National Institutes of Health . . . ." He added that, because obesity could "cause, complicate, or contribute to impairments in the musculoskelatal, respiratory, and cardiovascular body symptoms and/or to mental impairments such as depression," he was required to "determine whether the claimant's obesity, alone or in combination with other impairments, significantly limits his physical or mental ability to basic work activities (SSR 02-1p).

The ALJ then proceeded to thoroughly review and summarize the medical evidence concerning Plaintiff's residual functional capacity. He noted that no treating or examining physician had "offered any specific functional limitations that could meaningfully contribute to a residual functional capacity assessment," and cited the RFC assessment prepared by Dr. Sharon Elder, a reviewing Agency consultant. The ALJ correctly noted that, based upon her review of the medical record, Dr. Elder had concluded that Plaintiff could perform "light" work, subject to additional limitations that the ALJ included in his own RFC assessment. He found Dr. Elder's assessment "consistent with the substantial evidence in the record," and, in the absence of other opinions concerning Plaintiff's "specific functional limitations," gave it "great weight."

At the conclusion of his review of the medical evidence, the ALJ found that, "due to his lumbar spine degenerative disc disease and obesity, claimant is limited to 'light' exertional level" work, subject to the additional limitations set out in the RFC assessment. He added that Plaintiff's inability to do "the heavier work he was once able to do" did not mean that he could not "perform at a lighter exertional level."

A careful review of the ALJ's decision and the administrative record provides no support for Plaintiff's contention that the ALJ failed to adequately consider Plaintiff's obesity or fully

FINDINGS AND RECOMMENDATION - 11

assess the effects of obesity on Plaintiff's residual functional capacity.  Though Plaintiff contends that the ALJ failed to fully account for his obesity in his RFC assessment, he points to no evidence in the record indicating that obesity caused any functional limitations that the ALJ did not consider.  Under these circumstances, the Commissioner's decision should be affirmed.  See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005) (Plaintiff cannot establish ALJ's failure to adequately evaluate effects of obesity in absence of evidence of functional limitations that were not considered).

## Conclusion

The Commissioner's decision finding Plaintiff not disabled within the meaning of the Act should be AFFIRMED and this action should be DISMISSED with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due November 4, 2013.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of October, 2013.

        /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge